IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN ZURICH INSURANCE COMPANY** | **PLAINTIFF** |
| v. | **CAUSE NO. 1:16CV354-LG-RHW** |
| **CURTIS GUILBEAUX** | **DEFENDANT/ COUNTER-CLAIMANT** |
| v. | |
| **SOUTHWEST BUSINESS CORPORATION, d/b/a/ INSURANCE PARTNERS, USAA INSURANCE AGENCY, INC., and AMERICAN ZURICH INSURANCE COMPANY** | **COUNTER-DEFENDANTS** |

## ORDER GRANTING MOTION TO STRIKE

BEFORE THE COURT is Curtis Guilbeaux's [121] Motion to Strike American Zurich Insurance Company's [117] Motion for Judgment on the Pleadings. Guilbeaux argues that Zurich's Motion should be stricken because it was filed more than two months beyond the dispositive motion deadline. The Court finds the Motion to Strike well-taken. It will be granted.

DISCUSSION

The November 15, 2017 deadline for "all dispositive motions and *Daubert*-type motions" in this case was set in July 2017. (*See* Case Mgmt. Order, ECF No. 27; Text Only Amended Scheduling Order, July 18, 2017). Three dispositive or *Daubert*-type motions were filed by the deadline. However, Zurich filed its 12(c) motion for judgment on the pleadings and a *Daubert*-type motion approximately two and a half months later, on February 8, 2018. (ECF Nos. 115, 117). The late filing prompted motions to strike Zurich's motions.

Zurich responded in support of its late filing of the 12(c) motion, which the Court takes up here. Zurich argues that its 12(c) motion was timely because under the Rule, such a motion cannot be filed until after the pleading and motion deadlines have passed. According to Zurich, it was required to wait to file its 12(c) motion until the briefing on the timely filed dispositive motions was "closed." The Court has reviewed the cases Zurich cited for this proposition and finds them wholly inapplicable.[1]

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co.* 914 F.2d at 76. The legal standard applied is the same as a Rule 12(b) motion for failure to state a claim. *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (citation and brackets omitted). The distinction is only that a Rule 12(b) motion is made by a defendant "before pleading if a responsive pleading is allowed" and a Rule 12(c) motion is made "after pleadings are closed."

The Rules define what a "pleading" is and what a "motion" is, and clearly, a

---

[1] Zurich cited *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990), *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), and *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956), none of which concern the timing of a Rule 12(c) motion.

dispositive motion is not a pleading. *See* Fed. R. Civ. P. 7. Zurich was required to file its dispositive 12(c) motion within the motion deadline established by the Court, which was the Court's determination of what date was early enough to not delay trial. Zurich has no other explanation for its violation of the Case Management Order, nor did it request an extension of the motion deadline. Considering the Court has determined that some of the counterclaims against Southwest Business Corporation d/b/a Insurance Partners must go forward to trial because there are questions of material fact concerning the knowledge of the parties at the relevant time periods, and that the trial is scheduled for the Court's next civil calendar, the Court will exercise its broad discretion in this matter to strike Zurich's 12(c) motion. *See U.S. ex rel. Long v. GSD&M Idea City LLC*, 798 F.3d 265, 275-76 (5th Cir. 2015) (approving district court's exercise of discretion to consider 12(c) motion filed one day after motions deadline).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Curtis Guilbeaux's [121] Motion to Strike is **GRANTED**. American Zurich Insurance Company's [117] Motion for Judgment on the Pleadings is hereby **STRICKEN**.

**SO ORDERED AND ADJUDGED** this the 5th day of April, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
U.S. DISTRICT JUDGE