IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AMERICAN ZURICH INSURANCE COMPANY**                                   **PLAINTIFF**

v.                                                                          CAUSE NO. 1:16CV354-LG-RHW

**CURTIS GUILBEAUX**                                                    **DEFENDANT/
                                                                         COUNTER-CLAIMANT**

v.

**SOUTHWEST BUSINESS CORPORATION, d/b/a/
INSURANCE PARTNERS, USAA INSURANCE
AGENCY, INC., and AMERICAN ZURICH
INSURANCE COMPANY**                                                     **COUNTER-DEFENDANTS**

### ORDER GRANTING IN PART AND DENYING IN PART
### MOTION TO EXCLUDE EXPERT TESTIMONY OF WILLIAM D. HAGER

BEFORE THE COURT is the [81] Motion to Exclude William D. Hager as an Expert Witness, filed by Southwest Business Corporation, d/b/a Insurance Partners and USAA Insurance Agency, Inc. The Motion has been joined by American Zurich Insurance Company [89] and the issues have been fully briefed.[1] After due consideration, the Court finds that the Motion should be granted in part and denied in part.

### DISCUSSION

The plaintiff American Zurich Insurance Company filed this Complaint for Declaratory Judgment claiming that its insured, Guilbeaux, made material misrepresentations that justify rescission of the policy, and requests that the Court

---

[1] The Court refers to all three movants together as "the insurance companies."

declare the policy void under Mississippi law. Guilbeaux designated William D. Hager as his expert concerning the industry standards and duties owed by the three insurance companies involved in this case. Hager is an attorney who has extensive experience working in and for the insurance industry and in regulating the insurance industry. The insurance companies have moved to strike Hagar's expert opinions, claiming that they constitute nothing more than legal opinions, and that they are based on insufficient evidence.

Rule 702 of the *Federal Rules of Evidence* establishes the following standards for determining whether expert testimony is admissible:

> (a) the expert's scientific, technical, or other specialized knowledge [must] help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony [must be] based on sufficient facts or data;
> (c) the testimony [must be] the product of reliable principles and methods; and
> (d) the expert [must have] reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 704(a) states that opinion testimony "otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact." "Neither rule, however, permits expert witnesses to offer conclusions of law." *C.P. Interests, Inc. v. Ca. Pools, Inc.*, 238 F.3d 690, 697 (5th Cir.2001) (citing *Owen v. Kerr McGee Corp.*, 698 F.2d 236, 240 (5th Cir.1983)). Proposed expert testimony which offers a legal opinion is inadmissible, *Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999), because it does not "help the trier of fact to understand the evidence or determine a fact in issue . . . ." Fed. R. Evid. 702(a).

The Court has carefully reviewed the opinion portion of Hager's report. There are a few sentences describing the relationship of an insurer and its agents, (*See* Mot. to Exclude Ex. 1, at 11, ECF No. 81-1), and a few sentences describing an agent's obligation to advise a potential insured when there will be no coverage. (*See id.* at 12). These statements are admissible because they might assist the jury in understanding relevant industry standards, but Hager may not "draw conclusions from those standards." *Jones v. Reynolds*, 2:06-CV-57-SA, 2008 WL 2095679, *12 (N.D. Miss. May 16, 2008).

The majority of Hager's opinions draw legal conclusions. He opines that Zurich breached its duty of good faith and fair dealing; the insurer (presumably, Zurich) failed to adequately supervise the action of the agents; the agents breached their duties to the insured; the agent's breach is imputed to the insurance company; and Zurich breached its duty to carefully and thoroughly investigate the claim. (*See* Mot. to Exclude Ex. 1 10-12, ECF No. 81-1). These opinions are conclusions regarding the legal implications of the insurance companies' conduct. Accordingly, the opinions are inadmissible. *See Found. Health Servs., Inc. v. Zurich Am. Ins. Co.*, No. CV 15-59-JJB-EWD, 2016 WL 1449678, at *2 (M.D. La. Apr. 13, 2016) (citation omitted) (compliance with the obligations of good faith are inadmissible legal conclusions); *Willis v. Allstate Ins. Co.*, No. 2:13-CV-60-KS-MTP, 2014 WL 4804396, at *2 (S.D. Miss. Sept. 26, 2014) (opinions regarding reasonableness of insurer's claim investigation and legitimacy of reason to deny claim are inadmissible legal

conclusions).  For this reason, the insurance companies' Motion is denied to the extent of Hager's opinions as to the customs, practices, or standards of the insurance industry noted above, and granted in all other respects.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [81] Motion to Exclude William D. Hager as an Expert Witness, filed by Southwest Business Corporation, d/b/a Insurance Partners and USAA Insurance Agency, Inc., and joined by American Zurich Insurance Company [89] is **GRANTED IN PART AND DENIED IN PART** as set out above.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE